# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>            Plaintiffs,<br><br>   v.<br><br>DR. MITCHELL ZAIS, in his official capacity as Acting Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION<br><br>            Defendants. | No. 3:19-cv-03674-WHA |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants hereby supplement their responses to Plaintiffs' First Set of Interrogatories (the "Interrogatories"), served on November 6, 2020.

## BACKGROUND

On December 7, 2020, undersigned counsel for the Defendants timely submitted, via email, Defendants' written responses and objections to Plaintiffs' first set of interrogatories ("December 7 Responses"). In response to several of Plaintiffs' interrogatories, Defendants noted that they intended to supplement their narrative responses by producing particular documents. Defendants have now produced and/or identified each of the referenced documents, as set forth below:

- **Interrogatory No. 3**: In their December 7 Responses, Defendants stated that they would supplement their response with a "chart that includes case-level data from the borrower defense system" demonstrating various "relevant case characteristics." Defendants produced this supplemental document by email dated December 14, 2020.

1

- **Interrogatory No. 9**: In their December 7 Responses, Defendants stated that they would supplement their response with a "chart that shows the number of career staff and contractors working for FSA in the Borrower Defense Unit during each month of the relevant time period." Defendants produced this supplemental document by email dated December 11, 2020.

- **Interrogatory No. 10**: In their December 7 Responses, Defendants stated that they would supplement their response with three categories of documents: "(1) the initial letters sent to schools thus far requesting information and advising schools that they would be receiving notice of individual borrower applications against them, (2) the template for the form letters sent to the school with the individual borrower application, and (3) documents describing the protocol and procedures for sending initial and form letters to schools that were in effect at the time that the notices were sent." Defendants produced these supplemental documents by email dated December 11, 2020.

- **Interrogatory No. 11**: In their December 7 Responses, Defendants stated that they would supplement their response with documents reflecting the "criteria for approval" for claims submitted by borrowers who attended certain schools and the "policies and procedures regarding approvals." Defendants produced these supplemental documents by email dated December 11, 2020.

- **Interrogatory No. 12**: In their December 7 Responses, Defendants stated that they would supplement their response with certain "written training materials." Defendants produced these supplemental documents by email dated December 11, 2020.

- **Interrogatory Nos. 17 and 18**: In their December 7 Responses, Defendants stated that they would supplement their responses to these two interrogatories with "(1) school-specific memos regarding the scope of evidence considered and (2) related adjudication protocols." By email dated January 14, 2021, Defendants produced and/or identified these supplemental documents (many of which were included in Defendants' document productions) to Plaintiffs.

- **Interrogatory No. 19**: In their December 7 Responses, Defendants stated that they would supplement their response with a chart demonstrating "which class members received each form denial letter and relevant case characteristics, including the date of the letter and school name(s) associated with the borrower's claim." Defendants produced this supplemental document by email dated January 14, 2021.

In addition, Defendants hereby submit these supplemental responses to certain of Plaintiffs' interrogatories. For any interrogatory not specifically addressed herein, Defendants refer Plaintiffs to Defendants' December 7 Responses. Unless otherwise noted, these responses are subject to the objections set forth in the December 7 Responses.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS

**Interrogatory No. 4**

Identify the person or persons who "tabled" Enforcement's request for approval to hire "several additional attorneys" for BDU.  Nevin Dec. ¶ 21 (ECF No. 56-4).

**Objections**: Defendants incorporate by reference the objections set forth in the December 7 Responses, which made clear that this request seeks information that is plainly not relevant based on the limited discovery that has been authorized and is, thus, disproportionate to the needs of the case.  Nevertheless, in furtherance of their meet-and-confer responsibilities, Defendants provide the following additional information in response.

**Response:**  As discussed in the referenced Declaration of Colleen Nevin, in the Fall of 2016, the Enforcement Unit in FSA requested approval to hire additional attorneys for the Borrower Defense Unit.  After the election in November 2016, the Borrower Defense Unit was informed orally by leaders in the Enforcement Unit that this request was tabled until the new Administration was in place.  The individuals likely to have more specific knowledge left the Department prior to 2020.

**Interrogatory No. 5**

Identify how and by whom both the "request" for approval to hire "several additional attorneys" for BDU and its "tabl[ing]" were communicated, including by identifying documents reflecting both the "request" and its "tabl[ing]."  Nevin Dec. ¶ 21 (ECF No. 56-4).

**Objections:**  Defendants incorporate by reference the objections set forth in the December 7 Responses, which made clear that this request seeks information that is plainly not relevant based on the limited discovery that has been authorized and is, thus, disproportionate to the needs of the

case.  Nevertheless, in furtherance of their meet-and-confer responsibilities, Defendants provide the following additional information in response.

**Response:**  The leadership of the Enforcement Unit met with Department leadership in the Fall of 2016 to review a staffing proposal and discussed options for BDU staffing increases.  After the election in November 2016, the Borrower Defense Unit was informed orally by leaders in the Enforcement Unit that the request for additional staffing was tabled until the new Administration was in place.  The individuals likely to have more specific knowledge left the Department prior to 2020.

**Interrogatory No. 14**

Identify who in "Department leadership convened a Borrower Defense Review Panel," and explain the reasoning behind the formation of the panel.  Nevin Dec. ¶ 55 (ECF No. 56-4).

**Objections:**  Defendants incorporate by reference the objections set forth in the December 7 Responses, which made clear that this request seeks information that is plainly not relevant based on the limited discovery that has been authorized and, thus, disproportionate to the needs of the case.  Nevertheless, in furtherance of their meet-and-confer responsibilities, Defendants provide the following additional information in response.

**Response:**  As reflected in the deposition testimony of Jim Manning, the Department leadership as a group decided that it would be helpful to review the Department's process for handling and considering claims for borrower defense discharges.  The group was convened by Joe Conaty.

**Interrogatory No. 16**

Identify the individuals who drafted and approved form Denials A, B, C, and D, and explain the process for review and approval of the letters.  *See* ECF No. 116.

**Objections**:  Defendants incorporate by reference the objections set forth in the December 7 Responses.

**Response:**  Staff members within FSA prepared a set of draft decision letters; each letter was specific to a certain group of claims and circumstances.  That set of draft letters was sent to other officials in the Department, including Jed Brinton (then Deputy General Counsel for Postsecondary Education with the Department's Office of General Counsel) and other attorneys in the Office of the General Counsel, as well as Diane Jones (the Principal Deputy Under Secretary) and Robert Eitel (then Counselor to the Secretary).  Those attorneys and officials provided comments back to FSA.  Based on those original drafts and the comments from those officials, FSA prepared what became form letters A and C.  FSA staff then used form letters A and C to draft form letters B and D.  Form letter B built on form letter A to address circumstances requiring a combination of the other letters, and form letter D built on form letter C to incorporate school-dependent evidence considered.  The Department did not have an established process that mandated any further review or approval before the form letters could be used.  Based on the Department's original and supplemental inquiries, there is no indication that former Secretary DeVos was involved in the review or approval of the template letters A, B, C or D.


### SIGNATURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 33(b)(5)

For interrogatory responses:  See the attached certification pages.

Dated:  January 14, 2021               As to objections,

JENNIFER B. DICKEY
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT (VA Bar # 89400)
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20530
Telephone: (202) 616-8098
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>DR. MITCHELL ZAIS, in his official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION<br><br>        Defendants. | No. 3:19-cv-03674-WHA |

INTERROGATORY CERTIFICATION

I, Colleen M. Nevin, Director of the Borrower Defense Group, Federal Student Aid, United States Department of Education, certify under penalty of perjury, that the foregoing supplemental responses to Plaintiff's Interrogatory No. 4 and No. 5 are true and correct to the best of my belief, knowledge, information, understanding and recollection.

Dated: January 14, 2021

Respectfully submitted,

*Colleen M. Nevin*
_____

Director
Borrower Defense Group
Federal Student Aid
United States Department of Education

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SWEET, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>DR. MITCHELL ZAIS, in his official capacity as Acting Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION<br><br>　　　　　Defendants. | No. 3:19-cv-03674-WHA |

INTERROGATORY CERTIFICATION

　　I, Brian P. Siegel, Assistant General Counsel, Division of Postsecondary Education, Office of the General Counsel, United States Department of Education, certify under penalty of perjury, that the foregoing supplemental responses to Plaintiff's Interrogatories No. 14 and No. 16 are true and correct to the best of my belief, knowledge, information, understanding and recollection.

Dated:  January 14, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*Brian P. Siegel*
　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　Assistant General Counsel

　　　　　　　　　　　　　　　　　　　　　Division of Postsecondary Education

　　　　　　　　　　　　　　　　　　　　　Office of the General Counsel

　　　　　　　　　　　　　　　　　　　　　United States Department of Education