# EXHIBIT E



**LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL**
**CENTRO DE SERVICIOS LEGALES**
122 Boylston Street
Jamaica Plain, Massachusetts 02130-2246
TEL: (617) 522-3003 • FAX: (617) 522-0715

April 16, 2021

Via Email

R. Charlie Merritt
U.S. Department of Justice
Civil Division

Re: *Sweet v. Cardona*, No. 19-cv-3674-WH (N.D. Cal.)

Counsel:

Pursuant to the Court's Order on Discovery and Scheduling Following February 24, 2021 Hearing (ECF No. 191), in this letter, Plaintiffs (1) propound narrowly tailored requests for additional, specific documents based on relevant information contained in the documents already produced, and (2) notify Defendants of Plaintiffs' intent to challenge certain privilege assertions. *See id.* ¶ 7.

**Additional Document Requests**

Having reviewed Defendants' document productions, Plaintiffs request the following additional documents:

1.  Any and all documents located in the "Approval Memoranda" folder on "the BD Shared Drive," as referenced at DOE00023561.
2.  Any "procedures manual" or subpart thereof developed in response to or otherwise reflecting Recommendation 2(b) of the Borrower Defense Review Panel, as set out at DOE00023249, whether or not such documents are specifically named "procedures manual[s]," including but not limited to any documents describing "the processes and decision-making for evaluating [BD] claims," "a methodology for contacting potential claimants," "a clear method for individual claimant's [sic] attesting to the accuracy of their claim," "a decision-making flow chart," and/or "a methodology for informing claimants of the disposition of their claim."
    a.  To the extent that you assert that any documents responsive to this request have already been produced, please identify them by Bates number.
3.  Any documentation reflecting any updates to the status of the Borrower Defense Corrective Action Plan between August 20, 2019 and the present (*see* DOE00023554).
4.  Any and all documents pertaining to the "Meeting on BD Lit." referenced at DOE00019250, or any other meeting with the same general subject matter, including but not limited to any agenda,

minutes, pre-read materials, presentations, and communications relating to topics discussed at the meeting.

5. Any and all documents pertaining to the "Secretary['s] . . . meeting with Dept. staff on BD" referenced at entries 191 and 222 of the April 9, 2021 privilege log (DOE00014899, DOE00014933), or any other meeting with the same general subject matter, including but not limited to any agenda, minutes, pre-read materials, presentations, and communications relating to topics discussed at the meeting.

6. Documents sufficient to show all email addresses and all text message or other messaging application handles or contacts used by former Secretary DeVos to conduct official Education Department business from January 20, 2017 through January 7, 2021, including without limitation all .gov email addresses and all personal email addresses, and all responsive documents therefrom pursuant to the terms set out at ECF No. 191, ¶ 3.

7. Documents sufficient to show performance metrics for the FSA Chief Operating Officer in the years 2018, 2019, and 2020.

With respect to Request 6 in particular, Plaintiffs note that Defendants' March 31 document production included only two emails sent to former Secretary DeVos, both directed to an email address labeled "Private – Betsy DeVos [betsy1208@ed.gov]," and both consisting of a list of news clippings. *See* DOE00013872; DOE00014084. The production did not include any emails from the former Secretary. Likewise, the April 9 privilege log included only two documents with former Secretary DeVos listed as the custodian. *See* DOE00017286 (entry 391), DOE00017287 (entry 392). The privilege log did not include a single email sent to or from former Secretary DeVos. At the same time, the privilege log indicates that the former Secretary did, in fact, receive information relating to borrower defense during the time period under review. *See, e.g.*, DOE00014899 (entry 191) ("Draft Briefing for Secretary for meeting with Dept. staff on BD"); DOE00014910 (entry 202) ("Draft Briefing for Secretary for meeting with OMB Director on BD"). Given these circumstances, Plaintiffs request further documentation evidencing a thorough search in all of Ms. DeVos's relevant files.

## **Challenges to Privilege Assertions**

### 1. Identification of Attorneys

Defendants' privilege log of April 9, 2021 does not contain any notation or explanation of who is an attorney and who is not. For each individual named in the "To," "From," "CC," "Author," and/or "Custodian" fields of the privilege log, Plaintiffs request that Defendants identify whether the individual is an attorney, and if so, in what capacity (*i.e.*, in DOJ, in the Department's OGC, etc.), so that Plaintiffs can make a determination regarding whether to challenge the assertion of attorney-client and/or work product privilege over documents including each individual. Plaintiffs reserve their right to supplement their specific privilege challenges once they receive Defendants' response to this request.

Plaintiffs also acknowledge Defendants' letter of April 15, 2021, in which Defendants committed to provide a version of the April 9 privilege log that includes email subject lines and file names. Plaintiffs

reserve their right to supplement their specific privilege challenges based on information included in this updated version of the privilege log.

      2.   <u>Subject Matter Waiver Concerning Interpretation of the *Calvillo Manriquez* Injunction</u>

Defendants appear to have selectively produced information reflecting advice of counsel concerning the Department's interpretation of the injunction in the *Calvillo Manriquez* case, while withholding other communications with counsel relating to the same subject matter. For example, DOE00017069 includes a description of the application of the *Calvillo Manriquez* injunction to borrowers from Corinthian Colleges, Inc. ("CCI"). Similarly, DOE00015278 reflects an understanding that the Department "do[es]n't get to halt" the processing of borrower defense applications because of the *Calvillo Manriquez* injunction.

These communications contrast with testimony that Defendants put at issue, in which officials stated that the Department relied on a broad understanding of the scope of the *Calvillo Manriquez* injunction in its decision to pause processing of all borrower defense applications, regardless of whether applicants were members of the *Calvillo Manriquez* class. *See, e.g.*, Jones Dep. 115:6-11; Nevin Dep. 223:9-25. Defendants appear to have selectively shielded documents as privileged that could shed light on the source of this "policy decision," while at the same time disclosing documents that indicate no one at the Department understood the injunction to prevent the processing of all borrower defense applications.

As such, it appears Defendants have waived privilege over the subject matter of the Department's interpretation of the *Calvillo Manriquez* injunction, the scope of that injunction, and whether the injunction was used as pretext for the decision to halt all borrower defense adjudications. *See United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield." (quoting *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992))); *see also* Fed. R. Evid. 502(a); *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (noting that the disclosure of protected information also waives all other communications or protected information on the same subject).

The doctrine of waiver of attorney-client privilege protects against the unfairness that would result from a privilege holder "selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340–41 (9th Cir. 1996). Here, Defendants have disclosed emails between Defendants and attorneys within the Office of General Counsel relating to the Department's interpretation of the *Calvillo Manriquez* injunction.

Accordingly, Plaintiffs request that Defendants produce all documents and communications relating to the Department's interpretation of the *Calvillo Manriquez* injunction, the scope of that injunction, and whether the injunction was used as pretext for the decision to halt all borrower defense processing. Those documents include, but are not limited to:

- Redactions to **DOE00019006** and its document family;

- Attachments that have been withheld in full from the family of 109 emails and attachments, including **DOE00019481**;
- Attachments that have been withheld in full from the family of **DOE0002374**; and
- Attachments that have been withheld in full from the family of **DOE00014538.**

### 3. Assertion of Deliberative Process Privilege in April 9 Privilege Log

To begin, we note that, of the 1,486 documents included in Defendants' March 31 production, 975 of them were privilege slipsheets stating "Withheld in Full." In other words, fully *two-thirds* of Defendants' production did not actually consist of produced documents.

Of these 975 withheld documents, Defendants' privilege log asserts deliberative process privilege as at least one basis for withholding 862 of them (88%). It appears that Defendants have grossly over-applied the deliberative process privilege, which is a qualified privilege that must be "strictly confined within the narrowest possible limits consistent with the logic of its principles." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003); *see also United States v. Rozet*, 183 F.R.D. 662, 665 (N.D. Cal. 1998) (deliberative process is a "narrow privilege" which should not be "indiscriminately invoked"). The deliberative process privilege does not shield every internal agency discussion of any issue that could, in some way, be said to relate to an open question rather than a final decision. Moreover, the fact that the government is a defendant in the litigation is typically taken to weigh against upholding the deliberative process privilege in APA cases challenging agency action. *See Desert Survivors v. US Dep't of the Interior*, 231 F. Supp. 3d 368, 385 (N.D. Cal. 2017).

In the interests of efficiency, and without conceding that any of Defendants' other assertions of the deliberative process privilege are legally justified, Plaintiffs have identified a limited set of documents withheld on the basis of deliberative process privilege that we request to be produced. These documents appear to be particularly relevant to the issues in this case, and Plaintiffs contend that the deliberative process privilege either does not apply to these documents or would be overcome under the relevant legal standard. *See N. Pacifica*, 274 F. Supp. 2d 11 at 1118; *Desert Survivors*, 231 F. Supp. 3d at 384-86. Specifically, Plaintiffs challenge the assertion of deliberative process privilege over the following documents, and request that these documents be produced in full:

- **DOE00014495** (privilege log entry 88)
- **DOE00014729** (entry 145)
- **DOE00014899** (entry 191)
- **DOE00014910** (entry 202)
- **DOE00014923** (entry 212)
- **DOE00014933** (entry 222)
- **DOE00016937** (entry 358)
- **DOE00017071** (entry 380) (redactions)
- **DOE00017248** (entry 381) (redactions)

- **DOE00017286** (entry 391)
- **DOE00017287** (entry 392)
- **DOE00017839** (entry 397)
- **DOE00017842** (entry 400)
- **DOE00017843** (entry 401)
- **DOE00017844** (entry 402)
- **DOE00019089** (entry 446)
- **DOE00020050** (entry 679)
- **DOE00020352** (entry 697) (redactions)
- **DOE00022655** (entry 977)
- **DOE00023074** (entry 993)

4. <u>Other Specific Privilege Challenges to April 9 Privilege Log</u>

Plaintiffs dispute the assertion of privilege over the following documents:

- ***Non-Attorney Communications.*** Each document listed immediately below was withheld, at least in part, on the basis of attorney-client privilege and/or work product protection. However, neither the sender(s) nor recipient(s) on any of these emails serve in a capacity in which they provide legal advice to the Department, and the descriptions of the documents withheld as "work product" do not mention any connection to ongoing or anticipated litigation. Please produce these documents. If you contend that any specific portion(s) of any of these documents contains attorney-client privileged content, please produce redacted versions of such document(s) and provide revised privilege log entries specifying the basis for the redactions. If you contend that any of these documents should be withheld in full on a basis other than attorney-client privilege or work product protection, please provide revised privilege log entries asserting the alternative basis:
  - **DOE00014392** (entry 59)
  - **DOE00014397** (entry 64)
  - **DOE00014398** (entry 65)
  - **DOE00014530** (entry 96)
  - **DOE00014531** (entry 97)
  - **DOE00014689** (entry 143)
  - **DOE00019301** (entry 481)
  - **DOE00021520** (entry 880)
  - **DOE00021522** (entry 882)
  - **DOE00021526** (entry 886)
  - **DOE00021528** (entry 888)
  - **DOE00021537** (entry 895)
  - **DOE00021624** (entry 925)
  - **DOE00021710** (entry 941)
  - **DOE00021711** (entry 942)

- o **DOE00021759** (entry 944)
- o **DOE00021814** (entry 958)
- o **DOE00023159** (entry 997)

- *Standard External Confidentiality Disclaimers.* Each document listed immediately below was withheld on the basis of a third party's standard confidentiality disclaimer in an email sent from outside the Department. This does not constitute a basis for withholding. Please produce these documents:
  - o **DOE00015443** (entry 289)
  - o **DOE00015444** (entry 290)
  - o **DOE00017950** (entry 405)
  - o **DOE00018520** (entry 413)
  - o **DOE00019409** (entry 528)
  - o **DOE00019412** (entry 531)
  - o **DOE00019413** (entry 532)
  - o **DOE00019422** (entry 541)
  - o **DOE00019427** (entry 546)
  - o **DOE00019431** (entry 550)
  - o **DOE00019466** (entry 551)
  - o **DOE00019467** (entry 552)
  - o **DOE00019476** (entry 561)
  - o **DOE00019527** (entry 576)
  - o **DOE00019659** (entry 596)
  - o **DOE00019662** (entry 599)
  - o **DOE00019665** (entry 602)
  - o **DOE00019668** (entry 605)
  - o **DOE00020031** (entry 660)
  - o **DOE00020032** (entry 661)
  - o **DOE00020035** (entry 664)
  - o **DOE00020471** (entry 709)
  - o **DOE00020473** (entry 711)
  - o **DOE00020731** (entry 739)

- **DOE00013869** (entry 9) and **DOE00023160** (entry 998): These privilege log entries do not contain a document description. Please provide a description for each document so that Plaintiffs can make a determination of whether to challenge these privilege assertions.

- **DOE00014226** (entry 21): The privilege log states that this document is "Not Privileged" and does not include a privilege description, but in the production a "Withheld in Full" slipsheet was

produced at this Bates number. Please either produce this document or provide a corrected privilege log entry.

- **DOE00022976** (entry 992): The reason given for redacting this document is "Redacted material is not relevant." Relevance is not a basis for redacting material under the deliberative process privilege. Please produce an unredacted copy of this document.

- **DOE00013812** and **DOE00013814**: We previously deleted these documents pursuant to your clawback request. That said, we believe that your clawback request for these documents was unfounded. These communications do not seek legal advice and do not reflect "advisory opinions, recommendations [or] deliberations." *N. Pacifica*, 274 F. Supp. 2d at 1122 (internal quotations omitted). Even if the communications were found to fall within the deliberative process privilege in the first instance, the privilege would be overcome because, among other reasons, the information is highly relevant to issues in this case (*viz.*, the development of form denial letters and the Department's arbitrary and capricious treatment of borrower defense applications), it implicates potential government misconduct (*viz.*, the Department's violations of the APA with respect to the borrower defense adjudication process), and the information is not available elsewhere. Plaintiffs request that Defendants re-produce these documents in unredacted form.

5. Other Specific Privilege Challenges to January 14 Privilege Log

Additionally, certain issues have come to Plaintiffs' attention regarding Defendants' previous privilege log, delivered to Plaintiffs on January 14, 2021. Plaintiffs dispute the assertion of privilege over the following documents from that privilege log:

- **DOE0002397** (entry 366) and **DOE00002916** (entry 666): These documents are withheld on the basis of deliberative process privilege, but there is no indication that these are draft documents. As to document DOE00002916 in particular, the fact that it discusses "open issues," as stated on the privilege log, is not sufficient to qualify it for deliberative process withholding. The log also claims attorney-client privilege over these documents based on purported "communications with OGC," but these documents are described as a PowerPoints, not communications. Please produce these documents. If Defendants assert that any specific content within these documents communicates legal advice, please produce a redacted copy and provide a specific explanation for the redaction(s).

- **DOE00003625** (entry 1042), **DOE00003686** (entry 1043), **DOE00003752** (entry 1044), **DOE00003823** (entry 1045), **DOE00003894** (entry 1046), **DOE00003965** (entry 1047), **DOE00004036** (entry 1048), **DOE00004112** (entry 1049): These documents are redacted on the basis of work product protection, but Erin Joyce is not in a position where she offers legal advice to the Department (she is a staff attorney in the BDU), and there is no mention of ongoing or anticipated litigation. These documents are also withheld on the basis of deliberative process

7

privilege, but there is no indication that these are draft or pre-decisional documents. To the contrary, based on the unredacted portions produced, they appear to be operational reference documents for BDU staff. Please produce unredacted versions of these documents.

- **DOE00013692** (entry 1241), **DOE0009532** (entry 1506), **DOE00009533** (entry 1507), **DOE00009538** (entry 1509), **DOE00009540** (entry 1510), **DOE00009555** (entry 1515), **DOE00009562** (entry 1516), **DOE00009544** (entry 1534), **DOE00009648** (entry 1537), **DOE00009651** (entry 1538), **DOE00009654** (entry 1539), **DOE00009658** (entry 1541), **DOE00009673** (entry 1543), **DOE00013698** (entry 1544), **DOE00009687** (entry 1545), **DOE0009688** (entry 1546), **DOE00013699** (entry 1547): The privilege log claims deliberative process privilege over several documents described as "Interim case review protocol[s]" (or similar). However, these documents do not appear to be drafts; rather, they are listed as "pending OUS guidance." If any of these protocols were used by BDU or FSA in the process of adjudicating or processing borrower defense applications, then they are not truly pre-decisional or deliberative, but rather constitute the agency's working law. To the extent that any of the listed documents were used by BDU or FSA in the process of adjudicating or processing borrower defense applications, please produce them.

- **DOE00007287** (entry 1269): This document is withheld on the basis of deliberative process privilege, but there is no indication that this is a draft or pre-decisional document, other than that it does not have a signature. (Other entries in the log make clear that other versions of this document, which are actually drafts, were separately withheld. *See, e.g.*, entries 1271, 1272.) Please produce this document.

- **DOE0008624** (entry 1389): This document is withheld on the basis of work product privilege, but Laura Basford is not in a position where she offers legal advice to the Department (she is a staff attorney in the BDU), and there is no mention of ongoing or anticipated litigation. This document is also withheld on the basis of deliberative process privilege, but there is no indication that this is a draft or pre-decisional document. Please produce this document.

- **DOE00009617** (entry 1529) and **DOE00009647** (entry 1536): These documents are withheld on the basis of deliberative process privilege, but there is no indication that these are draft or pre-decisional documents. These documents are also withheld on the basis of work product protection, but there is no mention of ongoing or anticipated litigation, nor the involvement of any attorneys who offer legal advice to the Department. Please produce these documents.

We are happy to discuss these issues further.

Thank you,

Rebecca C. Ellis

8